110    APPELLATE COURTS OF ILLINOIS.

Pennsylvania Co. v. The Dunham T. & W. Co., 185 Ill. App. 110.

## Pennsylvania Company, Plaintiff in Error, v. The Dunham Towing & Wrecking Company sued as Great Lakes Towing Company, Defendant in Error.

### Gen. No. 18,631.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed February 2, 1914.

### Statement of the Case.

Action by Pennsylvania Company against the Dunham Towing and Wrecking Company, sued as Great Lakes Towing Company, to recover for damage done to plaintiff's protection pier in the Calumet River and alleged to have been caused by the negligence of the defendant in the management of its tugs while towing a certain boat which struck said protection pier. To reverse a judgment of *nil capiat* and for cost against the plaintiff, plaintiff prosecutes a writ of error.

LOESCH, SCOFIELD & LOESCH, for plaintiff in error.

M. F. SULLIVAN and T. C. ROBINSON, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. COLLISION, § 11*—*when verdict for defendant sustained by the evidence.* In an action against a Towing Company to recover damages to a protection pier alleged to have been caused by a vessel striking against the pier while being towed by tugs of defendant, a verdict in favor of defendant on conflicting evidence *held* sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. MUNICIPAL COURT OF CHICAGO, § 28*—*when objection to oral instruction not preserved.* Where a judge of the Municipal Court charges the jury orally and after the charge was given asked whether either counsel desired to have the jury further instructed and no response was made by counsel for either party nor any objection or exception of any kind taken to the instructions in the Municipal Court, a party cannot complain of the whole or any part of the charge in the Appellate Court.

3. INSTRUCTIONS, § 162*—*when words in instructions not misleading.* In an action against a Towing Company for damage to a pier alleged to have been caused by a vessel which was being towed by defendant's tugs, an oral charge was given to the jury that: "In the event that the proof shows that the accident occurred through the negligence alone of the defendant, then you will consider in your verdict the amount of the damages which have been proven * * * and should return your verdict in accordance with the truth." *Held* that the use of the word "alone" and the word "truth" were not misleading.